No. 14,435.

STATE EX REL. J. B. EDWARDS VS. HON. J. B. LEE, JUDGE.

SYLLABUS.

1. There was a disagreement between relator's counsel and respondent regarding the date of the court's adjournment which led counsel, in good faith, to arrive at a conclusion different, the trial judge says, from that which he intended.

State ex rel. Edwards vs. Judge.

2.  The junior counsel was in court when the defendant was sentenced. He had previously informed the judge that he understood that no appeal would be taken. · No bill of exceptions was presented or motion for new trial made.
3.  The court, after adjournment, had no autority to grant an order of appeal in a criminal case, which, under the statute, must be applied for and entered in open court prior to adjournment.

APPLICATION for Writs of *Mandamus* and *Habeas Corpus*.

*Charles C. Egan,* for. Relator.

Respondent Judge *pro se.*

The opinion of the court was delivered by

BREAUX, J.   Plaintiff asks that a writ of *mandamus* be made peremptory directing the district judge to sign bills of exceptions attached to his petition for a *mandamus* and that when the *mandamus* shall have been made peremptory and the appeal ordered that a writ of *habeas corpus* issue directing the warden of the State penitentiary to return relator to the parish jail at Leesville, Vernon parish.

Relator was tried under an indictment for murder.   The jury returned a verdict of manslaughter and recommended the accused to the mercy of the court on April 11th, 1902. He was sentenced on the sixteenth of that month to a term of seven years at hard labor in the penitentiary.   He was taken by the sheriff from the parish jail in Vernon parish on the seventeenth day of April, 1902, and conveyed to the State penitentiary.

Relator avers that the leading counsel in the case asked the presiding judge when court would adjourn and that in answer he said that he expected court would adjourn on Friday, the eighteenth of April; that previous to this conversation he had mentioned to the judge the matter of taking an appeal in this case and had said to the judge that he intended to appeal; that this counsel was detained in Shreveport, but wired to the judge that he would return on Thursday, acting under the belief that prisoners would not be sentenced until Friday; that when he returned he found that relator had been sentenced and was on his way to the penitentiary; that the court had been adjourned.

He further avers that his counsel called on the judge and found him willing to do anything possible in order not to deprive relator of his right of appeal, but that the judge could not find authority for then

signing bills of exceptions and granting the appeal.

There were three counsel in the case, one, the senior, was in Shreveport, the other had returned to his home, and the junior counsel was the only one present when the defendant was sentenced. Relator alleges that there was a misunderstanding between court and counsel, which resulted in his losing his right of appeal unless the remedy here applied for is granted.

The judge of the District Court, in his answer to the rule *nisi,* says that five days after the defendant had been convicted, he pronounced sentence. He further says that counsel who urges the application for a *mandamus* came to him a short while after defendant had been convicted and said he thought he would appeal the case; that he was asked by this counsel how long court would be in session; that his (the judge's) reply was that he was waiting for the report of the Grand Jury then in session and that court would adjourn immediately after the end of their labors; that he could not say when they would make their final report and that it might be as late as Friday.

He, counsel, then remarked that he was going to Shreveport and if anything came up not to assign it to be heard before his return, to which the judge replied "all right." That counsel made no mention of an appeal; that no bill of exceptions had been presented to him and no motion for a new trial, although a number of days had elapsed from the day of defendant's conviction to the day he was sentenced; that he could know of the intention of counsel only by his acts in open court; that he had been informed by the junior counsel, Mr. Huson, that there had been a consultation held and that no appeal would be taken, as will appear by his affidavit made part of the return to the rule *nisi;* that the Grand Jury made their final return on Wednesday; that he then notified the sheriff to bring convicted defendant into court and he imposed sentence on relator in open court in the presence of his attorney, Huson.

We can only regret that this misunderstanding arose between counsel and the court. We understand in the course of a friendly conversation counsel concluded, from the utterances of the judge, that the court would not adjourn before his return, while, on the other hand, the judge did not think that he had said anything to justify that inference.

Counsel, with fairness which does him credit, says in his petition

that he does not wish to reflect on the district judge and that the result came about purely from a misunderstanding between court and counsel.

As regretable as the disagreement is, we are constrained to the conclusion that the court has been regularly adjourned. Even if there had been some haste to adjourn, we would not see our way clear to decide that the case should be reinstated and an appeal granted. It will be borne in mind that relator has not made the least showing in due form of the acts prejudicial to his cause during the trial. But we are informed by the court that there was no undue haste; that all matters requiring attention during the term had been disposed of and that nothing remained to be done.

"The statement of the judge is usually accepted when a difference arises between him and defendant's counsel with regard to the facts." State vs. Melton, 37 Ann. 77; State vs. Beck, 41 Ann. 584.

In our view of the law and of the judge's authority we are led to the conclusion that the adjournment was legal and regular and that in view of the statement in the return (the defendant not having objected through the counsel by whom he was assisted when sentenced), he can no longer be heard to urge the complaint here urged.

The judge is concluded by the order of adjournment and could not rescind it. The term had been brought to a final close. The power of the court came to an end by its final adjournment. It loses its control over cases decided unless its jurisdiction is kept alive by motion or other proceeding to that end.

In our view of the law, no alternative is left to us except to recall the rule *nisi*.

It is ordered, adjudged and decreed, that the rule *nisi* which was issued in this case be recalled; the application is denied and the suit dismissed.